# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHNNY GRAYSON,

        Petitioner,

v.                                                  Civil Action No. 5:09cv53
                                                     Criminal Action No. 5:08cr46
                                                       (Judge Stamp)

UNITED STATES OF AMERICA,

        Respondent.

## ORDER

On June 22, 2008, the petitioner pleaded guilty to a one count information, charging that he aided and abetted an unlawful business enterprise involving heroin and thereafter, distributed and caused the distribution of heroin. (Crim. Dckt. 6). The petitioner's plea was accepted on July 29, 2008, and he was sentenced to 146 months incarceration on October 14, 2008. (Crim. Dckt. 8, 11). The petitioner did not file a direct appeal of his conviction and sentence.

On May 20, 2009, the petitioner initiated the instant action pursuant to a Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255. (Crim. Dckt. 32). Contemporaneous with the filing of the petition, the petitioner also filed a Motion Requesting Approval for Jailhouse Lawyer. (Crim. Dckt. 34). In the motion, the petitioner seeks the Court's permission for Douglas VanVleet to act as his jailhouse lawyer. More specifically, the petitioner requests that Mr. VanVleet be given the same authority to act as an attorney. Thereafter, the petitioner and Mr. VanVleet have filed a series of motions and letters seeking various relief from the Court. They are:

    (1) Motion to Send Counsel Douglas VanVleet a Copy of Defendant Johnny Grayson's entire criminal case file. (Crim. Dckt. 42).

    (2) Defendants (sic) Motion for Appointment of Counsel Nunce (sic) Pro Tunce (sic), which

seeks the appointment of Mr. VanVleet under 18 U.S.C. § 3006A on behalf of the petitioner in his § 2255 action. (Crim. Dckt. 43).

(3) A letter from Mr. VanVleet requesting a current and updated docket sheet for the petitioner's civil habeas action and his underlying criminal case. (Crim. Dckt. 45).

(4) Motion to Request Expedite (sic) Order Requesting Douglas VanVleet to Assist the Defendant, Johnny Grayson, as his jailhouse lawyer. (Crim. Dckt. 46).

(5) Motion to Join as a Third Party Petitioner in which Mr. VanVleet seeks to be added as a third party in this case under Rule 19(B). (Crim. Dckt. 47).

(6) Motion for Request of Trial and Court Records and to Proceed Pro Se and In Forma Pauperis in which the petitioner seeks a copy of his plea agreement and sentencing transcripts. (Crim. Dckt. 51).

Pursuant to 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . ." Such provision protects a party's right to choose between self-representation and representation by counsel. See Faretta v. California, 422 U.S. 806, 825 (1975). "Nevertheless, appearance *pro se* denotes . . . appearance for one's self; so that a person ordinarily may not appear *pro se* in the cause of another person or entity." Pridgen v. Adresen, 113 F.3d 391, 393 (2d Cir. 1997). In other words, "[t]he right to self-representation . . . has been interpreted to mean that only individuals . . . have a right to represent themselves and that an individual can represent only himself; *it by no means affords a right to lay representation by someone . . . other than one's self*." Olvera v. Edmunson, 2001 WL 1160351 (W.D.N.C. Sept. 21, 2001) (citations omitted) (emphasis added).

In this case, the petitioner has provided no evidence to establish that Mr. VanVleet is a

2

licensed attorney. Thus, Mr. VanVleet cannot serve to represent the petitioner in these proceedings. Therefore, the petitioner's Motion Requesting Approval for Jailhouse Lawyer (Crim. Dckt. 34) and Motion for Appointment of Counsel Nunc Pro Tunc (Crim. Dckt. 43) are **DENIED**. In light of this ruling, the petitioner's Motion to Send Counsel Douglas VanVleet a Copy of Defendant Johnny Grayson's entire criminal case file (Crim. Dckt. 42) and Motion to Request Expedited Order Requesting Douglas VanVleet to Assist the Defendant, Johnny Grayson, as his jailhouse lawyer (Crim. Dckt. 46) are **DENIED as moot**, as is Mr. VanVleet's letter request for a copy of the petitioner's docket sheets (Crim. Dckt. 45).

Likewise, Mr. VanVleet's Motion to Join as a Third Party under Rule 19(B) (Crim. Dckt. 47) is also **DENIED**. Pursuant to Rule 19(a), a third party may be joined to any action:

> if (1) in the person's absence complete relief cannot be accorded among those already parties or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

If a person cannot be joined for the reasons state in section (a)(1)-(2), under section (b), the court shall in "equity and good conscience," determine whether the case should proceed among the parties before it or be dismissed because the third party is indispensable. In this case, Mr. VanVleet cannot meet the joinder requirements under Rule 19(a), nor is he indispensable to this case. Accordingly, he will not be joined as a third party and this case will proceed among the parties already before the Court.

Next, to the extent that the petitioner seeks a copy of his plea agreement, his Motion for Request of Trial and Court Records (Crim. Dckt. 51) is **GRANTED**. The Clerk is directed to send

the petitioner a copy of his plea agreement (Crim. Dckt. 6). In all other respects, the motion is **DENIED**. The petitioner has failed to provide the Court with the forms necessary to determine his eligibility to proceed as a pauper for the purposes of obtaining his sentencing transcripts at no cost. Moreover, the petitioner has completely failed to make the requisite showing of need. See 28 U.S.C. § 753(f) (providing for free transcripts in a § 2255 proceeding "if the trial judge or a circuit court judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal"); see also United States v. Shoaf, 341 F.2d 832, (4th Cir. 1964) ("[f]urnishing a transcript, or a portion of it, ought to be responsive to the appearance of need for it.").

Finally, in accordance with the findings made within this Order, the Court will not accept any further filings made by Mr. VanVleet. Mr. VanVleet does not represent the petitioner and cannot file documents on the petitioner's behalf. Thus, the Clerk is directed **to return without filing** any further documents submitted by Mr. VanVleet in behalf of Grayson.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* petitioner via certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means. In addition, the Clerk is directed to send a copy of this Order to Mr. VanVleet, #20985-057, at FCI-Butner, P.O. Box 1600, Butner, NC 27509.

DATED: July 7, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE